UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD MATTHEWS | * | CIVIL ACTION NO: 17-8800 |
| | * | |
| v. | * | JUDGE LANCE AFRICK |
| | * | |
| Lt. M. LEBLANC; | * | MAGISTRATE JUDGE |
| CORPORAL A. MOSS; | * | JANIS VAN MEERVELD |
| CORPORAL N. PATERNASTRO; | * | |
| DEPUTY READHEAD; DEPUTY WEBB | | |
| AND DEPUTY HOFFMAN; and | | |
| CORPORAL SHANNON COATS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
OBJECTION TO DEFENDANTS'
PROPOSED CHARGES/INSTRUCTIONS/VERDICT FORM**

MAY IT PLEASE THE COURT:

In this case, the defense of qualified immunity does not apply and, if it may, the determination rests with the Court rather than the jury. Any outstanding question as to whether the Defendants' were objectively reasonable is a question of law for this Court.

Qualified immunity bars Defendants' liability even if he violated Mr. Ronald Matthews's constitutional rights. Qualified immunity applies if a reasonable officer could have believed that use of excessive force, use of unnecessary force or corporal punishment by a guard of an inmate was lawful in light of clearly established law and the information Defendants possessed.[1] Defendants are not entitled to qualified immunity if, at the time of the deliberate indifference, a reasonable officer with the same information could not have believed that his actions were lawful. Correctional Officers are presumed to know the clearly established constitutional rights of the inmates they encounter.[2] The constitutional right of an inmate to be free of cruel and unusual punishment was clearly established at the time of the incident. The only issue that remains is whether the

---

[1] Wilson v. Layne, 526 U.S. 603, 615 (1999).

[2] Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2086 (2011) (citations omitted).

Defendants violated that right, which is a liability question.[3] There is no reason in an Eighth Amendment cruel and unusual punishment case to submit the question as to whether a reasonable guard would have know that the right was well established.

A finding of qualified immunity is appropriate is mixed question of law and fact. A jury charge of qualified immunity will not be applicable to the evidence offered at the trial of this matter. Whether Defendants violated Ronald Matthews's constitutional right to be free from cruel and unusual punishment should not be before the jury. Whether the right to be free from corporal punishment, unnecessary or excessive force was clearly established and well known to the prison guard defendants is a question of law not properly answered by a jury.

In a prisoner Eighth Amendment case alleging corporal punishment, excessive or unnecessary force, rarely, should the defense of qualified immunity be applicable. The jury question is whether the right to be free from cruel and unusual punishment was violated. That the right is well established and that guards know that they are not allowed to use corporal punishment or force that is excessive or unnecessary, because the right is clearly established and the violation of the right is per se unreasonable. Qualified immunity will rarely apply to inmate excessive force cases and a jury charge on qualified immunity where the defense is inapplicable could offer little more than an opportunity to confuse a jury and prejudice the inmate's ability to carry his/her burden of proof..

No law supports the contention that the defense of qualified immunity is a question for the jury instead of for the judge in a case involving an inmate claiming a violation of Eighth Amendment Rights for an alleged beating. Qualified immunity under the facts of this

---

[3] "[T]he qualified immunity analysis involves two inquiries: (1) whether the official violated a statutory or constitutional right and (2) whether that the right was clearly established. Morgan v. Swanson, 659 F.3d 359, 371 (5th Cir. 2011) (en banc). The analysis does not allow us to examine the "objective reasonableness" of an officer's action without reference to clearly established" Trent v. Wade, 776 F.3d 368, 384, 2015 U.S. App. LEXIS 1462, *31, 2015 WL 394096 (5th Cir. Tex. 2015).

case is not a jury question.

In Dominick v. Barrere, 12-497, (La. M.D.), an 8th Amendment excessive force inmate case, the trial court refused to charge the jury on qualified immunity. The jury found in favor of the inmate and awarded damages. On appeal the issue was whether the trial court erred in refusing to charge the jury on qualified immunity. The Fifth Circuit affirmed and wrote:

> These parties are well informed on what the law allows state officers for qualified immunity; and if essential facts are known, **the decision about the defense is for the judge to decide.** The judge here had evidence of intended malicious harm inflicted on plaintiff by defendants, and that question was put to a jury.[4]

The lead case appears to be Brown v. Callahan, 623 F.3d 249 (5th Cir. 2010), where the Fifth Circuit Court found as follows:

> If the defendant's actions violated a clearly established constitutional right, the court then asks whether qualified immunity is still appropriate because the defendant's actions were "objectively reasonable" in light of law which was clearly established at the time of the disputed action. **Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury.** [emphasis added]
> Numerous cases since that decision have followed Brown citing the exact passage.

Some examples are as follows:

1. Estate of Allison v. Wansley, 524 Fed. Appx. 963, 970 (5th Cir. 2013), on appeal from the denial of a summary judgment, the Fifth Circuit reversed and remanded after determining that the defendants were entitled to qualified immunity and wrote, "Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury." Citing, Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010) (citation omitted).

2. Soto v. Ortiz, 526 Fed. Appx. 370, 374 (5th Cir. 2013), on appeal from the granting of a summary judgment in favor of defendants on the issue of qualified immunity, the Fifth Circuit affirmed and wrote, "Whether an official's conduct was objectively reasonable is a question of law for the court." Citing, Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

3. Price v. Smith, 2014 U.S. Dist. LEXIS 149741 *12 (W.D. La. Oct. 21, 2014), the district court denied a motion to dismiss on the basis of qualified immunity and wrote, "Whether an official's conduct was objectively reasonable is a question of

---

[4] Dominick v. Barrere, No. 15-30609, 2016 U.S. App. LEXIS 968 (5th Cir. Jan. 20, 2016)

law for the court, not a matter of fact for the jury." Citing, Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

4. Hagan v. Jackson County, 2014 U.S. Dist. LEXIS 138678 *18 (S.D. Miss. Sept. 30, 2014), the district court granting a motion for summary judgment found the defendants were entitled to qualified immunity and wrote, "Qualified immunity presents a question of law for the court rather than a question of fact for the jury." Citing , Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

5. Bolton v. City of Gulfport, 2012 U.S. Dist. LEXIS 173818 *36 (S.D. Miss. Dec. 7, 2012), denied a motion to dismiss on the basis of qualified immunity and wrote "Determining qualified immunity is `a question of law for the court, not a matter of fact for the jury.'" Citing, Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

6. Payne v. Benton County, 2012 U.S. Dist. LEXIS 164335 *14 (N.D. Miss. Nov. 14, 2012), the district court granted the defendants' motion for summary judgment on the issue of qualified immunity and wrote, "An inquiry into objective reasonableness is a question of law for the Court." Citing, see Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

7. Cowan v. Calcote, 2011 U.S. Dist. LEXIS 66183 *7 (S.D. Miss. June 21, 2011), the district court granted as to one and denied as to other defendants a summary on the issue of qualified immunity and wrote, "Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury." Citing, Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

8. Garcia v. Navasota Indep. Sch. Dist., 2011 U.S. Dist. LEXIS 9118 *53 (S.D. Tex. Jan. 31, 2011), the district court granted summary judgment on the issue of qualified immunity and wrote, "Whether an official's conduct was objectively reasonable is a question of law for the court not a matter of fact for the jury." Citing, Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010).

9. Echols v. Gardiner, 2013 U.S. Dist. LEXIS 170037 *71 (S.D. Tex. Dec. 3, 2013), the district court denied summary judgment on the issue of qualified immunity as to excessive force and granted summary judgment on the claim for denial of medical attention and wrote, "The issue of qualified immunity is generally a question of law for the court." Citing, see Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010) (citing, Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999)).

Other cases since Brown have also held the same without specifically citing the Brown decision. Specifically, in Taylor v. Banks, 2013 U.S. Dist. LEXIS 185869 (S.D. Miss. Dec. 16, 2013), that court held that "[o]ut of an abundance of caution, the Court will determine whether the Defendants' actions were objectively reasonable for purposes of qualified immunity." Also in Brown v. Bolin, 500 Fed. Appx. 309 (5th Cir. 2012), the Fifth Circuit held that "[w]hether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury" where the Fifth Circuit cited an even

older case entitled Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999).

In Williams, the district court granted summary judgment on the issue of qualified immunity and found that the question of reasonableness was a legal question rather than a fact question for the jury.

In Horton v. Sims, 2014 US. Dist. LEXIS 147955 (S.D. Miss. Oct. 17, 2014), that court wrote, "The Fifth Circuit 'has repeatedly held that objective reasonableness in a qualified immunity context is a question of law for the court to decide and not an issue of fact.'" Citing, Atteberry v. Nocona Gen. Hospital, 430 F.3d 245, 256 (5th Cir. 2005) [other citations omitted].

As correctional officers, the Defendants should be aware that guards are prohibited by the Constitution from using corporal punishment, unnecessary and excessive force on inmates including verbal abuse, harassment, damaging of property, physical abuse. Moreover use of corporal punishment by guards on inmates is prohibited by state law, La. R.S. 15:829; therefore, any reasonable person working as a guard at a correctional facility would know that guards may not use corporal punishment on inmates. The only remaining question was the fact question as to whether the Defendant(s) violated Mr. Ronald Matthews's constitutional right. There is no reason for the Trial Court to give a charge on qualified immunity.

## CONCLUSION

The jury charge of qualified immunity is not applicable to the evidence to be offered at the trial of this matter. Whether Defendants violated Mr. Ronald Matthews's constitutional right to be free from cruel and unusual punishment is before the jury. Whether the right to be free from corporal punishment, unnecessary or excessive force was clearly established and well known to the prison guard defendants was a question of law.

The application of qualified immunity in this case presents a legal question for the

Case 2:17-cv-08800-LMA-JVM   Document 55-2   Filed 05/08/18   Page 6 of 6

Court. Obviously, the 8th Amendment right to be free from unnecessary/excessive force was well establish at the time of the incident. If the jury properly finds the right was violated, the defense of qualified immunity should not preclude recovery of damages in this case.

                                              Respectfully submitted:

                                              s/ Donna U. Grodner
Donna U. Grodner (20840)
GRODNER & ASSOCIATES
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX (225) 769-1997
dgrodner@grodnerlaw.com

## CERTIFICATE

     I hereby certify that on May 8, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel named below by operation of the court's electronic filing system. I also certify that I have mailed by United States Postal Service this filing to the parties marked non-CM/ECF participants:

                                              s/Donna U. Grodner
Donna U. Grodner (20840)

6