## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

RONALD MATTHEWS                                CIVIL ACTION

VERSUS                                         No. 17-8800

LT. M. LEBLANC ET AL.                          SECTION I

## JURY INSTRUCTIONS

## INSTRUCTIONS TO THE JURY[1]

IT IS MY DUTY AND RESPONSIBILITY TO INSTRUCT YOU ON THE LAW YOU ARE TO APPLY IN THIS CASE.   THE LAW CONTAINED IN THESE INSTRUCTIONS IS THE ONLY LAW YOU MAY FOLLOW. YOU MUST DO SO REGARDLESS OF ANY OPINION THAT YOU MIGHT HAVE AS TO WHAT THE LAW OUGHT TO BE.

IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I FAVOR ANY PARTY, YOU MUST DISREGARD THAT IMPRESSION.  IF I HAVE GIVEN YOU THE IMPRESSION DURING THE TRIAL THAT I HAVE AN OPINION ABOUT THE FACTS OF THIS CASE, YOU MUST DISREGARD THAT IMPRESSION.  YOU ARE THE SOLE JUDGES OF THE FACTS OF THIS CASE. OTHER THAN MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID OR DONE DURING THE TRIAL IN ARRIVING AT YOUR VERDICT.

YOU SHOULD CONSIDER ALL OF THE INSTRUCTIONS ABOUT THE LAW AS A WHOLE AND REGARD EACH INSTRUCTION IN LIGHT OF THE OTHERS, WITHOUT ISOLATING A PARTICULAR STATEMENT OR PARAGRAPH.

THE TESTIMONY OF THE WITNESSES AND OTHER EXHIBITS INTRODUCED BY THE PARTIES CONSTITUTE THE EVIDENCE.   THE STATEMENTS OF COUNSEL ARE NOT EVIDENCE; THEY ARE ONLY

---

[1] Fifth Circuit Pattern Civil Jury Instruction § 3.1.

ARGUMENTS.  IT IS IMPORTANT FOR YOU TO DISTINGUISH BETWEEN THE ARGUMENTS OF COUNSEL AND THE EVIDENCE ON WHICH THOSE ARGUMENTS REST.  WHAT THE LAWYERS SAY OR DO IS NOT EVIDENCE.  YOU MAY, HOWEVER, CONSIDER THEIR ARGUMENTS IN LIGHT OF THE EVIDENCE THAT HAS BEEN ADMITTED AND DETERMINED WHETHER THE EVIDENCE ADMITTED IN THIS TRIAL SUPPORTS THE ARGUMENTS.  YOU MUST DETERMINE THE FACTS FROM ALL THE TESTIMONY THAT YOU HAVE HEARD AND THE OTHER EVIDENCE SUBMITTED.  YOU ARE THE JUDGES OF THE FACTS, BUT IN FINDING THOSE FACTS, YOU MUST APPLY THE LAW AS I INSTRUCT YOU.

YOU ARE REQUIRED BY LAW TO DECIDE THE CASE IN A FAIR, IMPARTIAL, AND UNBIASED MANNER, BASED ENTIRELY ON THE LAW AND ON THE EVIDENCE PRESENTED TO YOU IN THE COURTROOM.  YOU MAY NOT BE INFLUENCED BY PASSION, PREJUDICE, OR SYMPATHY THAT YOU MIGHT HAVE FOR ANY PARTY IN ARRIVING AT YOUR VERDICT.

## **BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE**[2]

TO ESTABLISH "BY A PREPONDERANCE OF THE EVIDENCE" MEANS TO PROVE SOMETHING IS MORE LIKELY SO THAN NOT SO.

---

[2] Fifth Circuit Pattern Civil Jury Instruction § 3.2.

## EVIDENCE[3]

THE EVIDENCE YOU ARE TO CONSIDER CONSISTS OF THE TESTIMONY OF THE WITNESSES, THE DOCUMENTS AND OTHER EXHIBITS ADMITTED INTO EVIDENCE, AND ANY FAIR INFERENCES AND REASONABLE CONCLUSIONS YOU CAN DRAW FROM THE FACTS AND CIRCUMSTANCES THAT HAVE BEEN PROVEN.

GENERALLY SPEAKING, THERE ARE TWO TYPES OF EVIDENCE. ONE IS DIRECT EVIDENCE, SUCH AS TESTIMONY OF AN EYEWITNESS.  THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE.  CIRCUMSTANTIAL EVIDENCE IS EVIDENCE THAT PROVES A FACT FROM WHICH YOU CAN LOGICALLY CONCLUDE ANOTHER FACT EXISTS.  AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

---

[3] Fifth Circuit Pattern Civil Jury Instruction § 3.3.

## **IMPEACHMENT BY WITNESS' FELONY CONVICTION**[4]

IN WEIGHING THE CREDIBILITY OF A WITNESS, YOU MAY CONSIDER THE FACT THAT HE OR SHE HAS PREVIOUSLY BEEN CONVICTED OF A FELONY. SUCH A CONVICTION DOES NOT NECESSARILY DESTROY THE WITNESS'S CREDIBILITY, BUT IT IS ONE OF THE CIRCUMSTANCES YOU MAY TAKE INTO ACCOUNT IN DETERMINING THE WEIGHT TO GIVE TO HIS OR HER TESTIMONY.

---

[4] Fifth Circuit Pattern Civil Jury Instruction § 2.12.

## <u>IMPEACHMENT BY WITNESS'S INCONSISTENT STATEMENTS</u>[5]

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, CONSIDER WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY GIVEN AT THE TRIAL.

A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS DID NOT TELL THE TRUTH AS HE OR SHE REMEMBERS IT.  PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY.  IF A WITNESS MADE A MISSTATEMENT, CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT MISTAKE.  THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

---

[5] Fifth Circuit Pattern Civil Jury Instruction § 2.11.

## **STIPULATIONS OF FACT**[6]

A "STIPULATION" IS AN AGREEMENT.  WHEN THERE IS NO DISPUTE ABOUT CERTAIN FACTS, THE ATTORNEYS MAY AGREE OR "STIPULATE" TO THOSE FACTS.  YOU MUST ACCEPT A STIPULATED FACT AS EVIDENCE AND TREAT THAT FACT AS HAVING BEEN PROVEN HERE IN COURT.

---

[6] Fifth Circuit Pattern Civil Jury Instruction § 2.3.

## **OBJECTIONS**

DURING THE COURSE OF TRIAL, YOU MAY HAVE HEARD OBJECTIONS TO EVIDENCE.  IT IS THE DUTY OF THE ATTORNEYS ON ALL SIDES OF A CASE TO OBJECT WHEN ANOTHER ATTORNEY OFFERS TESTIMONY OR OTHER EVIDENCE THAT THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE ACCORDING TO LAW.  YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTION OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE.

WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THAT QUESTION.

## WITNESSES[7]

YOU ALONE ARE TO DETERMINE THE QUESTIONS OF CREDIBILITY OR TRUTHFULNESS OF THE WITNESSES.  IN WEIGHING THE TESTIMONY OF THE WITNESSES, YOU MAY CONSIDER THE WITNESS'S MANNER AND DEMEANOR ON THE WITNESS STAND, ANY FEELINGS OR INTEREST IN THE CASE, OR ANY PREJUDICE OR BIAS ABOUT THE CASE, THAT HE OR SHE MAY HAVE, AND THE CONSISTENCY OR INCONSISTENCY OF HIS OR HER TESTIMONY CONSIDERED IN THE LIGHT OF THE CIRCUMSTANCES.

HAS THE WITNESS BEEN CONTRADICTED BY OTHER CREDIBLE EVIDENCE?  HAS HE OR SHE MADE STATEMENTS AT OTHER TIMES AND PLACES CONTRARY TO THOSE MADE HERE ON THE WITNESS STAND?

YOU MUST GIVE THE TESTIMONY OF EACH WITNESS THE CREDIBILITY THAT YOU THINK IT DESERVES.

EVEN THOUGH A WITNESS MAY BE A PARTY TO THE ACTION AND THEREFORE INTERESTED IN ITS OUTCOME, THE TESTIMONY MAY BE ACCEPTED IF IT IS NOT CONTRADICTED BY DIRECT EVIDENCE OR BY ANY INFERENCE THAT MAY BE DRAWN FROM THE EVIDENCE, IF YOU BELIEVE THE TESTIMONY.

YOU ARE NOT TO DECIDE THIS CASE BY COUNTING THE NUMBER OF WITNESSES WHO HAVE TESTIFIED ON THE OPPOSING SIDES.  WITNESS TESTIMONY IS WEIGHED; WITNESSES ARE NOT COUNTED.  THE TEST IS

---

[7] Fifth Circuit Pattern Civil Jury Instruction § 3.4.

NOT THE RELATIVE NUMBER OF WITNESSES, BUT THE RELATIVE CONVINCING FORCE OF THE EVIDENCE.  THE TESTIMONY OF A SINGLE WITNESS IS SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL OF THE OTHER EVIDENCE, YOU BELIEVE THAT WITNESS.

## **LAW ENFORCEMENT OFFICER TESTIMONY**[8]

YOU ARE REQUIRED TO EVALUATE THE TESTIMONY OF A LAW-ENFORCEMENT OFFICER AS YOU WOULD THE TESTIMONY OF ANY OTHER WITNESS. NO SPECIAL WEIGHT MAY BE GIVEN TO HIS OR HER TESTIMONY BECAUSE HE OR SHE IS A LAW ENFORCEMENT OFFICER.

---

[8] Fifth Circuit Pattern Civil Jury Instruction § 2.15.

**<u>EXPERT WITNESSES</u>**[9]

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD IS PERMITTED TO STATE HIS OR HER OPINION ON THOSE TECHNICAL MATTERS.  HOWEVER, YOU ARE NOT REQUIRED TO ACCEPT THAT OPINION.  AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY ON IT.

---

[9] Fifth Circuit Pattern Civil Jury Instruction § 3.5.

## <u>NO INFERENCE FROM FILING A LAWSUIT</u>[10]

THE FACT THAT A PERSON BRINGS A LAWSUIT AND IS IN COURT SEEKING DAMAGES CREATES NO INFERENCE THAT THE PERSON IS ENTITLED TO A JUDGMENT. ANYONE MAY MAKE A CLAIM AND FILE A LAWSUIT. THE ACT OF MAKING A CLAIM IN A LAWSUIT, BY ITSELF, DOES NOT IN ANY WAY TEND TO ESTABLISH THAT CLAIM AND IS NOT EVIDENCE.

---

[10] Fifth Circuit Pattern Civil Jury Instruction § 3.6.

## DEPOSITION TESTIMONY[11]

CERTAIN TESTIMONY HAS BEEN PRESENTED TO YOU THROUGH A DEPOSITION.   A DEPOSITION CONSISTS OF THE SWORN, RECORDED ANSWERS TO QUESTIONS THAT A WITNESS WAS ASKED IN ADVANCE OF TRIAL.  SOME TIME BEFORE THIS TRIAL, ATTORNEYS REPRESENTING THE PARTIES IN THIS CASE QUESTIONED THE WITNESS UNDER OATH.   A COURT REPORTER WAS PRESENT AND RECORDED THE TESTIMONY.

THESE QUESTIONS AND ANSWERS HAVE BEEN READ OR SHOWN TO YOU DURING THE COURSE OF THIS TRIAL.  THIS DEPOSITION TESTIMONY IS TO BE JUDGED BY YOU AS TO CREDIBILITY, AND WEIGHED AND OTHERWISE CONSIDERED BY YOU AS IF THE WITNESS HAD BEEN PRESENT AND HAD TESTIFIED FROM THE WITNESS STAND IN COURT.

---

[11] [11] Fifth Circuit Pattern Civil Jury Instruction § 2.13.

## **LIMITING INSTRUCTION**[12]

      DURING THE COURSE OF TRIAL, YOU MAY HAVE HEARD CERTAIN TESTIMONY OR EXHIBITS BE ADMITTED FOR A LIMITED PURPOSE.  WHEN TESTIMONY OR AN EXHIBIT IS ADMITTED FOR A LIMITED PURPOSE, YOU MAY CONSIDER THAT TESTIMONY OR EXHIBIT ONLY FOR THE SPECIFIC LIMITED PURPOSE FOR WHICH IT WAS ADMITTED.

---

[12] Fifth Circuit Pattern Civil Jury Instruction § 2.6.

## BENCH CONFERENCES AND RECESSES

AT TIMES DURING THE TRIAL IT WAS NECESSARY FOR ME TO TALK WITH THE LAWYERS OUT OF YOUR HEARING, EITHER HERE AT THE BENCH OR BY CALLING A RECESS.  WE MEET BECAUSE OFTEN DURING A TRIAL SOMETHING MUST BE ADDRESSED THAT DOES NOT INVOLVE THE JURY.  YOU SHOULD DISREGARD SUCH CONFERENCES.

## THE COURT'S QUESTIONS TO WITNESSES

DURING THE COURSE OF THE TRIAL, I HAVE ASKED QUESTIONS OF A WITNESS.  SUCH QUESTIONS DO NOT INDICATE THAT I HAVE ANY OPINION ABOUT THE FACTS OF THE CASE.  NOTHING I HAVE SAID OR DONE SHOULD LEAD YOU TO BELIEVE THAT I HAVE ANY OPINION ABOUT THE FACTS, NOR SHOULD ANYTHING I HAVE SAID OR DONE BE TAKEN AS INDICATING WHAT YOUR VERDICT SHOULD BE.

## **MULTIPLE DEFENDANTS**[13]

THE CASE OF EACH DEFENDANT AND THE EVIDENCE PERTAINING TO EACH DEFENDANT SHOULD BE CONSIDERED SEPARATELY AND INDIVIDUALLY.  THE FACT THAT YOU MAY FIND ONE OF THE DEFENDANTS LIABLE OR NOT LIABLE SHOULD NOT CONTROL YOUR VERDICT AS TO THE OTHER DEFENDANTS.

---

[13] Fifth Circuit Pattern Criminal Jury Instructions § 1.22.

## PLAINTIFF'S ALLEGED REFUSAL TO KNEEL

WITH RESPECT TO THE INCIDENTS ON AUGUST 15, 2016 AND ON AUGUST 22, 2016, THE PLAINTIFF ARGUES THAT HE REFUSED TO KNEEL WHEN ORDERED TO DO SO BECAUSE HIS RELIGION ONLY ALLOWS HIM TO KNEEL WHEN HE IS IN PRAYER.

I INSTRUCT YOU THAT THE PLAINTIFF HAS NOT BROUGHT ANY CLAIM DIRECTLY CHALLENGING THE INFRINGEMENT OF HIS RELIGIOUS RIGHTS. THE PLAINTIFF'S ONLY CLAIMS IN THIS CASE INVOLVE THE ALLEGED USE OF EXCESSIVE FORCE AND THE ALLEGED NEGLIGENCE OF THE DEFENDANTS.

PRISON INMATES—THOUGH THEY ARE INCARCERATED—RETAIN AN INTEREST IN FREELY EXERCISING THEIR RELIGIOUS RIGHTS.[14] AT THE SAME TIME, PRISON ADMINISTRATORS ARE RESPONSIBLE FOR MAINTAINING INTERNAL ORDER AND DISCIPLINE, FOR SECURING THEIR INSTITUTIONS AGAINST UNAUTHORIZED ACCESS OR ESCAPE, AND FOR REHABILITATING THE INMATES PLACED IN THEIR CUSTODY.[15] ACCORDINGLY, A PRISON REGULATION OR PRACTICE THAT IMPINGES ON AN INMATE'S CONSTITUTIONAL RIGHTS—SUCH AS ORDERING AN INMATE TO KNEEL OVER HIS RELIGIOUS OBJECTION—IS PERMISSIBLE SO LONG AS IT IS REASONABLY RELATED TO LEGITIMATE PENOLOGICAL

---

[14] *See Turner v. Safley*, 482 U.S. 78, 84 (1987).
[15] *Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998).

INTERESTS AND IS NOT AN EXAGGERATED RESPONSE TO THOSE
INTERESTS.[16]   GENERAL SECURITY AND THE SAFETY OF PRISON
OFFICIALS ARE LEGITIMATE PENOLOGICAL INTERESTS.[17]

---

[16] *See Turner*, 482 U.S. at 87, 89; *see also Talib*, 138 F.3d at 214.
[17] *Talib*, 138 F.3d at 214.

## 42 U.S.C. § 1983 – EIGHTH AMENDMENT EXCESSIVE FORCE[18]

THE PLAINTIFF CLAIMS THAT THE DEFENDANTS VIOLATED HIS EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM EXCESSIVE AND UNNECESSARY FORCE.

THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES PROTECTS INMATES LIKE THE PLAINTIFF FROM CRUEL AND UNUSUAL PUNISHMENT.

TO RECOVER DAMAGES FOR THIS ALLEGED CONSTITUTIONAL VIOLATION, THE PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT:

(1)    A DEFENDANT USED EXCESSIVE FORCE AGAINST HIM; AND

(2)    THE PLAINTIFF SUFFERED SOME HARM AS A RESULT OF A DEFENDANT'S USE OF FORCE.

WHETHER A USE OF FORCE AGAINST A PRISON INMATE IS EXCESSIVE DEPENDS ON WHETHER THE FORCE WAS APPLIED IN A GOOD-FAITH EFFORT TO MAINTAIN OR RESTORE DISCIPLINE, OR WHETHER IT WAS DONE MALICIOUSLY OR SADISTICALLY TO CAUSE HARM. IF THE FORCE WAS USED MALICIOUSLY OR SADISTICALLY FOR THE PURPOSE OF HARMING THE PLAINTIFF, THEN IT WAS EXCESSIVE.

TO ACT "MALICIOUSLY" MEANS TO INTENTIONALLY DO A WRONGFUL ACT WITHOUT JUST CAUSE OR EXCUSE, WITH AN INTENT TO

---

[18] Fifth Circuit Pattern Civil Jury Instructions § 10.7A.

INFLICT INJURY, OR UNDER CIRCUMSTANCES THAT SHOW AN EVIL INTENT.

TO ACT "SADISTICALLY" MEANS TO INFLICT PAIN ON THE PERSON FOR ONE'S OWN PLEASURE.

IN DECIDING WHETHER THE FORCE USED WAS EXCESSIVE, YOU MUST GIVE PRISON OFFICIALS WIDE-RANGING DEFERENCE IN THE ADOPTION AND EXECUTION OF POLICIES AND PRACTICES THAT IN THEIR JUDGMENT ARE NEEDED TO PRESERVE INTERNAL ORDER AND DISCIPLINE AND TO MAINTAIN INTERNAL SECURITY IN THE PRISON.

WITH RESPECT TO THE EXCESSIVE FORCE DETERMINATION, YOU MAY CONSIDER THE FOLLOWING NONEXCLUSIVE FACTORS:

(1)     THE EXTENT OF THE INJURY SUFFERED;

(2)     THE NEED FOR THE APPLICATION OF FORCE;

(3)     THE RELATIONSHIP BETWEEN THE NEED AND THE AMOUNT OF FORCE USED;

(4)     THE THREAT REASONABLY PERCEIVED BY THE RESPONSIBLE OFFICIALS; AND

(5)     ANY EFFORTS MADE TO TEMPER THE SEVERITY OF A FORCEFUL RESPONSE.

IN CONSIDERING THE SECOND ELEMENT—HARM—NOT EVERY MALEVOLENT, HARMFUL, OR INJURIOUS TOUCH BY A PRISON GUARD GIVES RISE TO A CLAIM UNDER FEDERAL LAW.  BUT AN INMATE LIKE THE

PLAINTIFF NEED NOT SHOW SIGNIFICANT INJURY TO ESTABLISH A CONSTITUTIONAL VIOLATION.

EVEN A SLIGHT USE OF FORCE, UNDER CERTAIN CIRCUMSTANCES, MAY BE SO REPUGNANT TO THE CONSCIENCE OF MANKIND THAT A CLAIM MAY EXIST.  THE EXTENT OF INJURY AN INMATE SUFFERS IS ONE FACTOR THAT MAY SUGGEST WHETHER THE USE OF THE FORCE COULD REASONABLY HAVE BEEN THOUGHT NECESSARY IN THE PARTICULAR SITUATION.

IF THE PLAINTIFF HAS PROVED BOTH OF THE TWO ELEMENTS LISTED ABOVE BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU WILL HAVE FOUND THAT A DEFENDANT VIOLATED THE PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL PUNISHMENT AND YOU MUST THEN CONSIDER WHETHER THAT DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY, WHICH IS A BAR TO LIABILITY THAT I WILL EXPLAIN IN A MOMENT.

IF THE PLAINTIFF FAILED TO SHOW THAT A DEFENDANT VIOLATED THE PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM CRUEL AND UNUSUAL PUNISHMENT, THEN THE FORCE APPLIED TO HIM WAS NOT UNCONSTITUTIONAL, AND YOUR VERDICT WILL BE FOR THE DEFENDANT ON THIS CLAIM.

## QUALIFIED IMMUNITY[19]

IF YOU FIND THAT THE PLAINTIFF HAS PROVED EACH ESSENTIAL ELEMENT OF HIS EXCESSIVE FORCE CLAIM AGAINST ANY DEFENDANT, YOU MUST CONSIDER WHETHER THE DEFENDANT(S) ARE ENTITLED TO WHAT THE LAW CALLS "QUALIFIED IMMUNITY."

QUALIFIED IMMUNITY BARS A DEFENDANT'S LIABILITY EVEN IF HE OR SHE VIOLATED A PLAINTIFF'S CONSTITUTIONAL RIGHTS. QUALIFIED IMMUNITY EXISTS TO GIVE GOVERNMENT OFFICIALS BREATHING ROOM TO MAKE REASONABLE BUT MISTAKEN JUDGMENTS ABOUT OPEN LEGAL QUESTIONS. QUALIFIED IMMUNITY PROVIDES PROTECTION FROM LIABILITY FOR ALL BUT PLAINLY INCOMPETENT GOVERNMENT OFFICERS OR THOSE WHO KNOWINGLY VIOLATE THE LAW.

IT IS THE PLAINTIFF'S BURDEN TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT QUALIFIED IMMUNITY DOES NOT APPLY IN THIS CASE.

QUALIFIED IMMUNITY APPLIES IF A REASONABLE OFFICER COULD HAVE BELIEVED THAT THE USE OF FORCE WAS LAWFUL IN LIGHT OF CLEARLY ESTABLISHED LAW AND THE INFORMATION THE OFFICER POSSESSED. BUT A DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY IF, AT THE TIME THE FORCE WAS APPLIED, A REASONABLE

---

[19] Fifth Circuit Pattern Civil Jury Instructions § 10.3.

OFFICER WITH THE SAME INFORMATION COULD NOT HAVE BELIEVED THAT HIS OR HER ACTIONS WERE LAWFUL.

LAW ENFORCEMENT OFFICERS ARE PRESUMED TO KNOW THE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF INDIVIDUALS THEY ENCOUNTER.

IN THIS CASE, THE CLEARLY ESTABLISHED LAW AT THE TIME WAS THAT, UNDER THE EIGHTH AMENDMENT, PRISONERS HAVE A RIGHT TO BE PROTECTED FROM THE USE OF EXCESSIVE AND UNNECESSARY FORCE.

IF, AFTER CONSIDERING THE SCOPE OF DISCRETION AND RESPONSIBILITY GENERALLY GIVEN TO PRISON OFFICERS IN PERFORMING THEIR DUTIES AND AFTER CONSIDERING ALL OF THE CIRCUMSTANCES OF THIS CASE AS THEY WOULD HAVE REASONABLY APPEARED TO EACH DEFENDANT AT THE TIME FORCE WAS APPLIED TO THE PLAINTIFF, YOU FIND THAT THE PLAINTIFF FAILED TO PROVE THAT NO REASONABLE OFFICER COULD HAVE BELIEVED THAT THE USE OF SUCH FORCE WAS LAWFUL, THEN THE DEFENDANT(S) ARE ENTITLED TO QUALIFIED IMMUNITY, AND YOUR VERDICT MUST BE FOR THE DEFENDANT(S) ON THE EXCESSIVE FORCE CLAIM.

ON THE OTHER HAND, IF YOU FIND THAT A DEFENDANT VIOLATED THE PLAINTIFF'S CONSTITUTIONAL RIGHTS AND THAT HE OR SHE IS NOT ENTITLED TO QUALIFIED IMMUNITY AS TO THE EXCESSIVE FORCE CLAIM, THEN YOUR VERDICT MUST BE FOR THE PLAINTIFF ON THAT CLAIM.

## LOUISIANA CIVIL CODE ARTICLE 2315[20]

YOU MUST ALSO DETERMINE WHETHER THE DEFENDANTS WERE NEGLIGENT.  THE BASIC NEGLIGENCE LAW OF LOUISIANA IS CONTAINED IN CIVIL CODE ARTICLE 2315, WHICH STATES THAT "EVERY ACT WHATEVER OF MAN THAT CAUSES DAMAGE TO ANOTHER OBLIGES HIM BY WHOSE FAULT IT HAPPENED TO REPAIR IT."  THE WORD "FAULT," AS USED IN ARTICLE 2315, MEANS CONDUCT WHICH A PERSON SHOULD NOT HAVE ENGAGED IN; THAT IS, THAT THE PERSON HAS ACTED AS HE SHOULD NOT HAVE ACTED, OR THAT HE FAILED TO DO SOMETHING THAT HE SHOULD HAVE DONE.  IT IS CONDUCT BELOW THE STANDARD WHICH THE LAW APPLIES TO HIS ACTIVITIES.

THE STANDARD THAT APPLIES TO A DEFENDANT'S CONDUCT VARIES ACCORDING TO THE ACTIVITY HE OR SHE IS ENGAGED IN AND THE CIRCUMSTANCES SURROUNDING THAT ACTIVITY.  IN THIS CASE, THE PLAINTIFF ALLEGES THAT THE DEFENDANTS HAVE COMMITTED THE KIND OF FAULT THAT THE LAW REFERS TO AS NEGLIGENCE.

NEGLIGENCE IS DEFINED AS THE DOING OF SOME ACT THAT A REASONABLY CAREFUL PERSON WOULD NOT DO, OR THE FAILURE TO DO SOMETHING THAT A REASONABLY CAREFUL PERSON WOULD DO, UNDER THE SAME OR SIMILAR CIRCUMSTANCES.  IN OTHER WORDS, NEGLIGENCE IS THE FAILURE TO USE ORDINARY CARE UNDER THE CIRCUMSTANCES.

---

[20] *See* Louisiana Civil Law Treatise, Civil Jury Instructions § 3.01.

ORDINARY CARE, OR REASONABLE CARE, IS THE CARE THAT A REASONABLE OFFICER WOULD HAVE USED UNDER THE CIRCUMSTANCES OF THIS CASE TO PREVENT INJURY TO PERSON OR PROPERTY.

ORDINARY CARE IS NOT AN ABSOLUTE TERM, BUT A RELATIVE ONE. THIS MEANS THAT, IN DECIDING WHETHER ORDINARY CARE WAS EXERCISED IN A GIVEN CASE, THE CONDUCT IN QUESTION MUST BE VIEWED IN LIGHT OF ALL OF THE SURROUNDING CIRCUMSTANCES, AS SHOWN BY THE EVIDENCE.

FAILURE TO USE ORDINARY CARE, HOWEVER, IS ONLY **ONE** OF THE ELEMENTS OF THE PLAINTIFF'S NEGLIGENCE CLAIM.  IN ORDER TO BE SUCCESSFUL ON THIS CLAIM, THE PLAINTIFF MUST ESTABLISH ALL THE ESSENTIAL ELEMENTS OF HIS NEGLIGENCE CLAIM.

IN ADDITION TO PROVING THAT THE DEFENDANT(S) FAILED TO USE ORDINARY CARE, THE PLAINTIFF'S NEGLIGENCE CLAIM ALSO REQUIRES HIM TO PROVE:

(1)    THAT THE DEFENDANT(S) OWED HIM A DUTY OF REASONABLE CARE;

(2)    THAT THE DEFENDANT(S), THROUGH THEIR ACTIONS OR FAILURE TO ACT, IN FACT CAUSED HIM HARM; AND

(3)    THAT THERE WAS ACTUAL DAMAGE TO HIS PERSON OR PROPERTY.

AS I HAVE STATED PREVIOUSLY, THE PLAINTIFF HAS THE BURDEN OF PROOF WITH RESPECT TO HIS CLAIMS.   TO PREVAIL ON HIS NEGLIGENCE CLAIM, HE MUST CONVINCE YOU BY A PREPONDERANCE OF THE EVIDENCE THAT ONE OR MORE OF THE DEFENDANTS WAS NEGLIGENT.

## CONTRIBUTORY NEGLIGENCE[21]

WITH RESPECT TO THE PLAINTIFF'S NEGLIGENCE CLAIM UNDER LOUISIANA LAW, THE DEFENDANTS CONTEND THAT THE PLAINTIFF WAS HIMSELF AT FAULT, THAT IS, NEGLIGENT, AND THAT HIS NEGLIGENCE WAS A LEGAL CAUSE OF THE ACCIDENT.  YOU MUST DECIDE WHETHER THE DEFENDANTS HAVE PROVEN THAT THE PLAINTIFF FAILED TO CONDUCT HIMSELF IN ACCORDANCE WITH THE STANDARD EXPECTED OF HIM, AND HAS THEREBY CONTRIBUTED TO HIS OWN INJURY.

IT IS THE LAW OF LOUISIANA THAT THE RECOVERY OF AN INJURED PERSON WHO HAS CONTRIBUTED TO HIS OWN INJURY BY HIS OWN SUBSTANDARD CONDUCT MUST BE REDUCED BY THE PERCENTAGE OF FAULT ATTRIBUTABLE TO HIM.

IN THIS CASE, THE STANDARD APPLICABLE TO THE PLAINTIFF'S CONDUCT IS THE REQUIREMENT THAT HE EXERCISE THAT DEGREE OF CARE WHICH YOU MIGHT REASONABLY EXPECT A PERSON TO EXERCISE FOR HIS OWN SAFETY AND PROTECTION.  IN THIS REGARD, PLEASE REFER TO MY PRIOR INSTRUCTIONS REGARDING NEGLIGENCE AND ORDINARY CARE.

WITH RESPECT TO CONTRIBUTORY NEGLIGENCE, THE DEFENDANTS BEAR THE BURDEN OF PROOF.  IN OTHER WORDS, THE DEFENDANTS MUST ESTABLISH, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE

---

[21] *See* Louisiana Civil Law Treatise, Civil Jury Instructions § 5.01.

PLAINTIFF FAILED TO CONFORM TO THE STANDARD OF ORDINARY CARE AND BY THAT FAILURE CONTRIBUTED TO HIS OWN INJURY.  IF THE DEFENDANTS CONVINCE YOU OF THAT, THEN YOU MUST ASSIGN A PERCENTAGE OF FAULT TO THE PLAINTIFF'S CONDUCT ACCORDING TO THE INSTRUCTIONS I WILL GIVE YOU IN A MOMENT.

IN DECIDING THE QUESTION OF THE PLAINTIFF'S FAULT, YOU MAY ASK YOURSELVES: "SHOULD THE PLAINTIFF, AS AN ORDINARILY PRUDENT PERSON, UNDER ALL THE CIRCUMSTANCES SURROUNDING HIS CONDUCT, HAVE REASONABLY FORESEEN SUCH INJURY AS HE SUFFERED AS A RESULT OF HIS CONDUCT, AND DID HE FAIL TO EXERCISE REASONABLE CARE TO AVOID SUCH INJURY TO HIMSELF?"

IF THE DEFENDANT DOES NOT CONVINCE YOU THAT THE PLAINTIFF WAS ALSO AT FAULT, AND THE PLAINTIFF HAS OTHERWISE PROVEN HIS NEGLIGENCE CLAIM BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU SHOULD RETURN A VERDICT FOR THE PLAINTIFF WITHOUT ASSIGNING ANY PERCENTAGE OF FAULT TO THE PLAINTIFF.

HOWEVER, IF THE DEFENDANTS CONVINCE YOU THAT THE PLAINTIFF WAS AT FAULT, THE DEFENDANTS MUST ALSO CONVINCE YOU THAT THE PLAINTIFF'S NEGLIGENCE WAS A CAUSE OF THE PLAINTIFF'S INJURIES.  I WILL INSTRUCT YOU AS TO CAUSATION IN A MOMENT.

IF YOU CONCLUDE THAT BOTH THE DEFENDANTS AND THE PLAINTIFF WERE NEGLIGENT, AND THAT THE NEGLIGENCE OF EACH WAS

A CAUSE OF THE ACCIDENT ACCORDING TO THE CAUSATION INSTRUCTION I WILL GIVE YOU, THEN YOU MUST ASSIGN PERCENTAGES OF FAULT TO EACH.

IN DETERMINING THOSE PERCENTAGES, YOU MAY CONSIDER BOTH THE NATURE OF THE NEGLIGENT CONDUCT AND THE EXTENT OF THE CAUSAL RELATIONSHIP BETWEEN THE CONDUCT AND THE INCIDENT.

WHEN I SAY THE "NATURE OF THE NEGLIGENT CONDUCT," I MEAN THAT YOU MAY CONSIDER:

(1)   WHETHER THE CONDUCT RESULTED FROM INADVERTENCE OR RATHER INVOLVED AN AWARENESS OF THE DANGER INVOLVED;

(2)   HOW GREAT THE RISK CREATED BY THE PERSON'S CONDUCT WAS;

(3)   THE IMPORTANCE OF WHAT WAS SOUGHT BY THE CONDUCT; AND

(4)   THE PHYSICAL AND MENTAL CAPACITIES OF THE PERSON, EITHER ORDINARY OR PERHAPS SUPERIOR OR INFERIOR.

WHEN I SAY THAT "EXTENT OF THE CAUSAL RELATION" BETWEEN THE CONDUCT AND THE INJURIES, I MEAN THAT YOU MAY CONSIDER THE EXTENT TO WHICH THAT PERSON'S CONDUCT CONTRIBUTED TO THE HAPPENING OF THE INCIDENT.

YOU MAY FIND ANY PERCENTAGE OF CONTRIBUTORY NEGLIGENCE OR YOU MAY FIND THAT THE PLAINTIFF WAS NOT AT FAULT OR CONTRIBUTORILY NEGLIGENT.

## CAUSATION[22]

IN ORDER TO RECOVER DAMAGES UNDER EITHER HIS FEDERAL EXCESSIVE FORCE CLAIM OR HIS STATE LAW NEGLIGENCE CLAIM, THE PLAINTIFF MUST NOT ONLY PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT A DEFENDANT VIOLATED THE LAW.  THE PLAINTIFF MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE VIOLATION CAUSED INJURY TO HIM.  THIS CAUSATION ANALYSIS HAS TWO PRONGS.

FIRST, THE PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACT OR FAILURE TO ACT BY THE DEFENDANT OR DEFENDANTS WAS A CAUSE-IN-FACT OF ANY INJURY THAT THE PLAINTIFF SUFFERED.  AN ACT OR FAILURE TO ACT IS A CAUSE-IN-FACT OF AN INJURY IF IT APPEARS FROM THE EVIDENCE THAT THE ACT OR OMISSION PLAYED A SUBSTANTIAL PART IN BRINGING ABOUT OR ACTUALLY CAUSING THE INJURY.

---

[22] In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must show that the officers' acts were the proximate, or "legal cause," of a plaintiff's injuries. *Paternostro v. Crescent City Connection Police Dep't*, No. 00-2740, 2002 WL 34476319, at *9 (E.D. La. Apr. 2, 2002) (Vance, J.).  "[L]egal cause has a cause-in-fact component." *Dugas v. Jefferson Cty.*, 931 F. Supp. 1315, 1320 (E.D. Tex. 1996).  Article 2315 requires that tortious conduct be both "a cause-in-fact of the injury and a legal cause of the injury" before it is actionable. *Sparacello v. Andrews*, 501 So. 2d 269, 278 (La. Ct. App. 1st Cir. 1986).  "Legal cause requires a proximate relation between the actions of a defendant and the harm which occurs, and such relation must be substantial in character." *Id.* The causation standard is, therefore, the same both under § 1983 and Article 2315, and a single causation instruction is warranted.

SECOND, THE PLAINTIFF MUST PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE ACT OR FAILURE TO ACT BY THE DEFENDANT OR DEFENDANTS WAS A PROXIMATE CAUSE OF ANY INJURY THAT THE PLAINTIFF SUFFERED.  AN ACT OR OMISSION IS A PROXIMATE CAUSE OF AN INJURY IF IT APPEARS FROM THE EVIDENCE THAT THE INJURY OR DAMAGE WAS A REASONABLY FORESEEABLE CONSEQUENCE OF THE ACT OR OMISSION.

SIMILARLY, FOR THE DEFENDANTS TO ESTABLISH THAT THE PLAINTIFF WAS CONTRIBUTORILY NEGLIGENT, THEY MUST ALSO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF WAS A CAUSE-IN-FACT AND A PROXIMATE CAUSE OF ANY INJURY HE SUFFERED. WHEN CONSIDERING THE PLAINTIFF'S CONTRIBUTORY NEGLIGENCE, IF ANY, ADHERE TO THE INSTRUCTIONS REGARDING CAUSE-IN-FACT AND PROXIMATE CAUSE THAT I HAVE JUST GIVEN YOU.

## CONSIDER DAMAGES ONLY IF NECESSARY[23]

IF THE PLAINTIFF HAS PROVEN EITHER HIS EXCESSIVE FORCE CLAIM OR HIS NEGLIGENCE CLAIM AGAINST ONE OR MORE OF THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE, THEN YOU MUST DETERMINE THE DAMAGES TO WHICH THE PLAINTIFF IS ENTITLED. HOWEVER, YOU SHOULD NOT INTERPRET THE FACT THAT I AM GIVING YOU INSTRUCTIONS ABOUT DAMAGES AS AN INDICATION THAT I BELIEVE THE PLAINTIFF SHOULD, OR SHOULD NOT, WIN THIS CASE.

IT IS YOUR TASK FIRST TO DECIDE WHETHER THE PLAINTIFF HAS PROVEN HIS EXCESSIVE FORCE CLAIM AND/OR HIS NEGLIGENCE CLAIM AGAINST ONE OR MORE OF THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT THAT YOU FIND THAT PLAINTIFF HAS PROVED EITHER OF HIS CLAIMS AGAINST ONE OR MORE OF THE DEFENDANTS BY A PREPONDERANCE OF THE EVIDENCE.

---

[23] Fifth Circuit Pattern Civil Jury Instruction § 15.1.

## PRE-EXISTING CONDITION[24]

IN YOUR CONSIDERATION OF DAMAGES, YOU SHOULD BEAR IN MIND THAT, UNDER THE LAW, THE ONE LIABLE OR RESPONSIBLE FOR AN ACCIDENT MUST TAKE THE INJURED PERSON AS HE FINDS THEM, AND IS RESPONSIBLE FOR ALL THE NATURAL AND PROBABLE CONSEQUENCES OF HIS WRONG, EVEN THOUGH THEY ARE MORE SERIOUS OR HARMFUL BY REASON OF A PRE-EXISTING CONDITION, PHYSICAL DEFECT, OR WEAKNESS OF THE INJURED PERSON.  IF THE ACCIDENT RESULTS IN AGGRAVATION OF A PREVIOUS CONDITION OF DISABILITY OR OF PAIN OF THE INJURED PERSON, THE ONE RESPONSIBLE IS LIABLE BOTH FOR THE AGGRAVATION OF THE PRE-EXISTING INJURY AND FOR ANY NEW INJURIES RESULTING FROM THE ACCIDENT.

HOWEVER, THE PLAINTIFF MUST PROVE (1) THAT THE PRE-EXISTING CONDITION EXISTED AT THE TIME OF THE INCIDENT AND (2) THE EXTENT OF THE AGGRAVATION.  IF YOU FIND THAT THE PLAINTIFF WOULD HAVE FACED THE AGGRAVATION OF HIS CONDITION WHETHER THE INCIDENT HAPPENED OR NOT, THEN THE PLAINTIFF IS NOT ENTITLED TO DAMAGES FOR THAT PORTION OF HIS CLAIM, AS THE DEFENDANTS ARE NOT RESPONSIBLE FOR THE NORMAL AND NATURAL RESULTS OF THE PLAINTIFF'S PRIOR CONDITION.

---

[24] Louisiana Civil Law Treatise, Civil Jury Instructions § 18.10.  *See also Koch v. United States*, 857 F.3d 267, 273 (5th Cir. 2017).

YOU WILL BE ASKED TO ASSESS THE LIABILITY OF THE DEFENDANTS FOR TWO INCIDENTS: ONE THAT OCCURRED ON AUGUST 15, 2016 AND ONE THAT OCCURRED ON AUGUST 22, 2016.  THIS INSTRUCTION APPLIES TO BOTH INCIDENTS.  IN OTHER WORDS, IF YOU FIND THAT THE PLAINTIFF HAD A PRE-EXISTING CONDITION THAT EXISTED PRIOR TO AUGUST 15, 2016, YOU MAY AWARD DAMAGES FOR ANY AGGRAVATION OF THE PRE-EXISTING INJURY AND FOR ANY NEW INJURIES RESULTING FROM THE INCIDENT ON THAT DATE.  LIKEWISE, IF YOU FIND THAT THE PLAINTIFF HAD A PRE-EXISTING CONDITION THAT EXISTED PRIOR TO AUGUST 22, 2016—INCLUDING A CONDITION THAT DEVELOPED AS A RESULT OF THE AUGUST 15, 2016 INCIDENT—YOU MAY AWARD DAMAGES FOR ANY AGGRAVATION OF THE PRE-EXISTING INJURY AND FOR ANY NEW INJURIES RESULTING FROM THE INCIDENT ON THE LATER DATE.

## COMPENSATORY DAMAGES[25]

IF YOU FIND THAT A DEFENDANT IS LIABLE TO THE PLAINTIFF, THEN YOU MUST DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES.  THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES.

THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE A PERSON WHOLE—THAT IS, TO COMPENSATE A PERSON FOR THE DAMAGE THAT HE SUFFERED.  COMPENSATORY DAMAGES ARE NOT LIMITED TO EXPENSES THAT A PERSON MAY HAVE INCURRED BECAUSE OF HIS INJURY.  IF THE PLAINTIFF PREVAILS, THEN HE IS ENTITLED TO COMPENSATORY DAMAGES FOR ANY PHYSICAL INJURY, PAIN AND SUFFERING, AND MENTAL ANGUISH THAT HE SUFFERED BECAUSE OF A DEFENDANT'S WRONGFUL CONDUCT.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY A DEFENDANT'S ALLEGEDLY WRONGFUL CONDUCT.

THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THE PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. COMPENSATORY DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANT.

---

[25] Fifth Circuit Pattern Civil Jury Instructions § 15.2.

YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT THE PLAINTIFF HAS ACTUALLY SUFFERED OR THAT THE PLAINTIFF IS LIKELY TO SUFFER IN THE FUTURE.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT THE PLAINTIFF PROVE THE AMOUNT OF THE PLAINTIFF'S LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE. DAMAGES MAY NOT BE PRESUMED.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGE, TO THE EXTENT YOU FIND THEM PROVED BY THE PLAINTIFF BY A PREPONDERANCE OF THE EVIDENCE:

## EMOTIONAL DISTRESS DAMAGES[26]

IN ORDER TO RECOVER COMPENSATORY DAMAGES FOR MENTAL AND EMOTIONAL DISTRESS, THE PLAINTIFF MUST PROVE HE SUFFERED A SPECIFIC DISCERNABLE INJURY WITH CREDIBLE EVIDENCE.   HURT FEELINGS, ANGER, AND FRUSTRATION ARE PART OF LIFE AND ARE NOT THE TYPES OF HARM THAT COULD SUPPORT A MENTAL-ANGUISH AWARD. EVIDENCE OF MENTAL ANGUISH DOES NOT NEED TO BE CORROBORATED BY DOCTORS, PSYCHOLOGISTS, OR OTHER WITNESSES, BUT THE PLAINTIFF MUST SUPPORT HIS CLAIMS WITH COMPETENT EVIDENCE OF THE NATURE, EXTENT, AND DURATION OF THE HARM INFLICTED ON THE PLAINTIFF.   DAMAGES FOR MENTAL OR EMOTIONAL DISTRESS MUST BE BASED ON THE EVIDENCE ADMITTED AT TRIAL.   THEY MAY NOT BE BASED ON SPECULATION OR SYMPATHY.

---

[26] Fifth Circuit Pattern Civil Jury Instructions § 10.12.

## **NOMINAL DAMAGES**[27]

NOMINAL DAMAGES ARE AN INCONSEQUENTIAL OR TRIFLING SUM AWARDED TO A PLAINTIFF WHEN A TECHNICAL VIOLATION OF HIS RIGHTS HAS OCCURRED BUT THE PLAINTIFF HAS SUFFERED NO ACTUAL LOSS OR INJURY. IN OTHER WORDS, A PLAINTIFF MAY RECOVER NOMINAL DAMAGES WHEN THEIR CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED BUT THEY ARE UNABLE TO PROVE ACTUAL INJURY.[28] IF YOU FIND FROM A PREPONDERANCE OF THE EVIDENCE THAT THE PLAINTIFF SUSTAINED A TECHNICAL VIOLATION OF HIS EIGHTH AMENDMENT RIGHT TO BE PROTECTED FROM UNNECESSARY AND EXCESSIVE FORCE BUT THAT THE PLAINTIFF SUFFERED NO ACTUAL LOSS AS A RESULT OF THIS VIOLATION, THEN YOU MAY AWARD THE PLAINTIFF NOMINAL DAMAGES. YOU MAY NOT, HOWEVER, AWARD NOMINAL DAMAGES WITH RESPECT TO THE PLAINTIFF'S STATE LAW NEGLIGENCE CLAIM.[29]

---

[27] Fifth Circuit Pattern Civil Jury Instructions § 15.6.

[28] *Williams v. Kaufman Cty.*, 352 F.3d 994, 1015 (5th Cir. 2003).

[29] *Heilman v. Microsoft Corp.*, No. 98-3202, 1999 WL 650810, at *2 (E.D. La. Aug. 24, 1999) (Porteous, J.) (nominal damages not recoverable under La. C.C. art. 2315); *see also Young v. St. Landry Par. Sch. Bd.*, 673 So.2d 1272, 1276 (La. Ct. App. 3d Cir. 1996) ("Fault alone does not produce recovery. It is the fault which causes some damage that produces recovery or reparation for the damage under C.C. 2315. When this cause in fact element is no proved, even though the negligence or fault is proved, recovery of damages is not allowed.").

## **PUNITIVE DAMAGES**[30]

IF YOU FIND THAT A DEFENDANT IS LIABLE FOR THE PLAINTIFF'S INJURIES, YOU MUST AWARD THE PLAINTIFF THE COMPENSATORY DAMAGES THAT HE HAS PROVED.

YOU MAY, IN ADDITION, AWARD PUNITIVE DAMAGES IF YOU FIND THAT A DEFENDANT'S CONDUCT WAS MOTIVATED BY MALICE OR EVIL INTENT OR THAT IT INVOLVED RECKLESS OR CALLOUS INDIFFERENCE TO THE RIGHTS OF THE PLAINTIFF.[31]

ONE ACTS WITH MALICE WHEN ONE PURPOSEFULLY OR KNOWINGLY VIOLATES ANOTHER'S RIGHTS OR SAFETY. ONE ACTS WITH RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS WHEN ONE'S CONDUCT, UNDER THE CIRCUMSTANCES, MANIFESTS A COMPLETE LACK OF CONCERN FOR THE RIGHTS OR SAFETY OF ANOTHER.  A PERSON ACTS RECKLESSLY IN ENGAGING IN CONDUCT IF: (A) THE PERSON KNOWS OF THE RISK OF HARM CREATED BY THE CONDUCT OR KNOWS FACTS THAT MAKE THE RISK OBVIOUS TO ANOTHER IN THE PERSON'S SITUATION, AND (B) THE PRECAUTION THAT WOULD ELIMINATE OR REDUCE THE RISK INVOLVES BURDENS THAT ARE SO SLIGHT RELATIVE TO THE MAGNITUDE OF THE RISK AS TO RENDER THE PERSON'S FAILURE TO ADOPT THE

---

[30] Fifth Circuit Pattern Civil Jury Instructions § 15.7.
[31] *See Smith v. Wade*, 461 U.S. 30, 56 (1983).

PRECAUTION A DEMONSTRATION OF THE PERSON'S INDIFFERENCE TO THE RISK.

IN THIS CASE, THE PLAINTIFF MAY RECOVER PUNITIVE DAMAGES ONLY WITH RESPECT TO HIS CLAIM UNDER FEDERAL LAW THAT THE DEFENDANTS VIOLATED HIS CONSTITUTIONAL RIGHTS.[32]   THE PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES WITH RESPECT TO HIS NEGLIGENCE CLAIM UNDER LOUISIANA LAW.[33]

THE PLAINTIFF HAS THE BURDEN OF PROVING THAT PUNITIVE DAMAGES SHOULD BE AWARDED BY A PREPONDERANCE OF THE EVIDENCE.[34]

THE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH AND DETER, NOT TO COMPENSATE. PUNITIVE DAMAGES SERVE TO PUNISH A DEFENDANT FOR MALICIOUS OR RECKLESS CONDUCT AND, BY DOING SO,

---

[32] *Id.* ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.").

[33] Under Louisiana law, "punitive or other penalty damages are not allowed unless expressly authorized by statute." *Chauvin v. Exxon Mobil Corp.*, 158 So.3d 761, 768 (La. 2014); *see also Ross v. Conoco, Inc.*, 828 So.2d 546, 555 (La. 2002) ("[A] fundamental tenet of [Louisiana] law is that punitive or other penalty damages are not allowable unless expressly authorized by statute."). Louisiana Civil Code Article 2315 does not provide for punitive damages.

[34] *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 778 (7th Cir. 2016) ("[U]nless the governing statute . . . specifies a higher burden, or the Constitution demands a higher burden because of the nature of the individual interests at stake, proof by a preponderance of the evidence will suffice.").

TO DETER OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE.

YOU ARE NOT REQUIRED TO AWARD PUNITIVE DAMAGES. IF YOU DO DECIDE TO AWARD PUNITIVE DAMAGES, YOU MUST USE SOUND REASON IN SETTING THE AMOUNT. YOUR AWARD OF PUNITIVE DAMAGES MUST NOT REFLECT BIAS, PREJUDICE, OR SYMPATHY TOWARD ANY PARTY. IT SHOULD BE PRESUMED THAT THE PLAINTIFF HAS BEEN MADE WHOLE BY COMPENSATORY DAMAGES, SO PUNITIVE DAMAGES SHOULD BE AWARDED ONLY IF A DEFENDANT'S MISCONDUCT IS SO REPREHENSIBLE AS TO WARRANT THE IMPOSITION OF FURTHER SANCTIONS TO ACHIEVE PUNISHMENT OR DETERRENCE.

IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, THE FOLLOWING FACTORS SHOULD GUIDE YOU IN FIXING THE PROPER AMOUNT:

(1)    THE REPREHENSIBILITY OF THE DEFENDANT'S CONDUCT, INCLUDING BUT NOT LIMITED TO WHETHER THERE WAS DECEIT, COVER-UP, INSULT, AND INTENDED OR RECKLESS INJURY; AND

(2)    THE RATIO BETWEEN THE PUNITIVE DAMAGES YOU ARE CONSIDERING AWARDING AND THE AMOUNT OF HARM THAT WAS SUFFERED BY THE VICTIM OR WITH WHICH THE VICTIM WAS THREATENED.

YOU MAY CONSIDER THE FINANCIAL RESOURCES OF A DEFENDANT IN FIXING THE AMOUNT OF PUNITIVE DAMAGES.

ADDITIONALLY, YOU MAY IMPOSE PUNITIVE DAMAGES AGAINST ONE OR MORE OF THE DEFENDANTS AND NOT OTHERS. YOU MAY ALSO AWARD DIFFERENT AMOUNTS AGAINST DIFFERENT DEFENDANTS.

## PROHIBITED COMMUNICATIONS

DURING YOUR DELIBERATIONS, YOU MUST NOT COMMUNICATE WITH OR PROVIDE ANY INFORMATION TO ANYONE BY ANY MEANS ABOUT THIS CASE.   YOU MAY NOT USE ANY ELECTRONIC DEVICE OR MEDIA, SUCH AS A TELEPHONE, CELL PHONE, SMART PHONE, IPHONE, BLACKBERRY OR COMPUTER; THE INTERNET, ANY INTERNET SERVICE, OR ANY TEXT OR INSTANT MESSAGING SERVICE; OR ANY INTERNET CHAT ROOM, BLOG, OR WEBSITE SUCH AS FACEBOOK, MYSPACE, LINKEDIN, YOUTUBE OR TWITTER, TO COMMUNICATE TO ANYONE ANY INFORMATION ABOUT THIS CASE OR TO CONDUCT ANY RESEARCH ABOUT THIS CASE UNTIL I ACCEPT YOUR VERDICT.   IN OTHER WORDS, YOU CANNOT TALK TO ANYONE ON THE PHONE, CORRESPOND WITH ANYONE, OR ELECTRONICALLY COMMUNICATE WITH ANYONE ABOUT THIS CASE. YOU CAN ONLY DISCUSS THE CASE IN THE JURY ROOM WITH YOUR FELLOW JURORS DURING DELIBERATIONS.  I EXPECT YOU WILL INFORM ME AS SOON AS YOU BECOME AWARE OF ANOTHER JUROR'S VIOLATION OF THESE INSTRUCTIONS.

YOU MAY NOT USE THESE ELECTRONIC MEANS TO INVESTIGATE OR COMMUNICATE ABOUT THE CASE BECAUSE IT IS IMPORTANT THAT YOU DECIDE THIS CASE BASED SOLELY ON THE EVIDENCE PRESENTED IN THIS COURTROOM. INFORMATION ON THE INTERNET OR AVAILABLE THROUGH SOCIAL MEDIA MIGHT BE WRONG, INCOMPLETE, OR INACCURATE.  YOU

ARE ONLY PERMITTED TO DISCUSS THE CASE WITH YOUR FELLOW JURORS DURING DELIBERATIONS BECAUSE THEY HAVE SEEN AND HEARD THE SAME EVIDENCE YOU HAVE.   IN OUR JUDICIAL SYSTEM, IT IS IMPORTANT THAT YOU ARE NOT INFLUENCED BY ANYTHING OR ANYONE OUTSIDE OF THIS COURTROOM.   OTHERWISE, YOUR DECISION MAY BE BASED ON INFORMATION KNOWN ONLY BY YOU AND NOT YOUR FELLOW JURORS OR THE PARTIES IN THE CASE.   THIS WOULD UNFAIRLY AND ADVERSELY IMPACT THE JUDICIAL PROCESS.

## DUTY TO DELIBERATE

IT IS NOW YOUR DUTY TO DELIBERATE AND TO CONSULT WITH ONE ANOTHER IN AN EFFORT TO REACH A VERDICT.  EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF YOU ARE CONVINCED THAT YOU WERE WRONG.  BUT DO NOT GIVE UP ON YOUR HONEST BELIEFS BECAUSE THE OTHER JURORS THINK DIFFERENTLY, OR JUST TO FINISH THE CASE.

WHEN YOU GO INTO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU A COPY OF THIS CHARGE AND THE EXHIBITS THAT I HAVE ADMITTED INTO EVIDENCE.  YOU MUST SELECT A JURY FOREPERSON TO GUIDE YOU IN YOUR DELIBERATIONS AND TO SPEAK FOR YOU HERE IN THE COURTROOM.

YOUR VERDICT MUST BE UNANIMOUS.  AFTER YOU HAVE REACHED A UNANIMOUS VERDICT, YOUR JURY FOREPERSON MUST FILL OUT THE ANSWERS TO THE WRITTEN QUESTIONS ON THE VERDICT FORM AND SIGN AND DATE IT.  AFTER YOU HAVE CONCLUDED YOUR SERVICE AND I HAVE DISCHARGED THE JURY, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE JURY FOREPERSON SHOULD WRITE THE INQUIRY AND GIVE IT TO THE COURT SECURITY OFFICER.  AFTER CONSULTING WITH THE ATTORNEYS, I WILL RESPOND EITHER IN WRITING OR BY MEETING WITH YOU IN THE COURTROOM.  KEEP IN MIND, HOWEVER, THAT YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, YOUR NUMERICAL DIVISION ON ANY QUESTION.

YOU MAY NOW PROCEED TO THE JURY ROOM TO BEGIN YOUR DELIBERATIONS.